UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

JAMES LASTRA,                                          11 Civ. 2173

                         Plaintiff,                        OPINION

     -against-

BARNES AND NOBLE BOOKSTORE, DWIGHT STERLING,
individually and as agent, servant and employee
of Barnes and Noble, TOM FULLER, individually
and as an agent, servant and employee of Barnes
and Noble, CARMINE FEOLA, individually and as an
agent, servant and employee of Barnes and Noble
and the NYPD, THE NEW YORK CITY POLICE DEPARTMENT
(NYPD), THE CITY OF NEW YORK, LEAHY AND JOHNSON,
P.C., JAMES TENNEY, individually and as an agent,
servant and employee of Leahy and Johnson, JOANNE
FILIBERTI, individually and as agent, servant and
employee of Leahy and Johnson, MARY ELLEN KEATING,
individually and as agent, servant and employee of
Barnes and Noble, MARK BOTTINI, individually and as
agent, servant and employee of Barnes and Noble,

                         Defendants.

------------------------------------------X

A P P E A R A N C E S:

          Pro Se

          James Lastra
          2241 Lafayette Avenue
          Bronx, NY  10473

          Attorneys for All Defendants, Except Dwight Sterling

          LEAHEY & JOHNSON, P.C.
          120 Wall Street
          New York, NY  10005
          By:  Peter James Johnson, Jr., Esq.

**Sweet, D.J.**

All of the defendants captioned above with the exception of Dwight Sterling (the "Moving Defendants," and, with Sterling, the "Defendants") have moved for an order directing the plaintiff James Lastra ("Lastra" or the "Plaintiff") to cease and desist from all communications with the represented Moving Defendants.  The Moving Defendants have also moved to dismiss the Plaintiff's complaint and to stay discovery pending resolution of the motion to dismiss.  The Plaintiff has, via an order to show cause, moved this Court to vacate the Moving Defendants' motion to dismiss, to compel Barnes and Noble to produce video surveillance tapes, to sanction Barnes and Noble and its attorneys for their failure to produce the video surveillance tapes and to remove Peter James Johnson, Jr. of Leahey and Johnson, P.C. as the attorney of record.  Based upon the conclusions set forth below, the Moving Defendants' motions are granted, and the Plaintiff's motions are denied.  The Court, sua sponte, also dismisses the Complaint with respect to Sterling.  Leave to replead is denied.

**Prior Proceedings**

1

On March 29, 2011, Lastra filed a complaint (the "Complaint"), naming Barnes and Noble Bookstore ("Barnes and Noble"), Dwight Sterling ("Sterling"), Tom Fuller ("Fuller"), Carmine Feola ("Feola"), the New York City Police Department ("NYPD"), the City of New York (the "City"), Leahey and Johnson, P.C. ("Leahey and Johnson"), James Tenney ("Tenney"), Joanne Filiberti ("Filiberti"), Mary Ellen Keating ("Keating") and Mark Bottini ("Bottini") as defendants. On May 31, 2011, the Defendants filed their motion to dismiss. The motion was marked fully submitted on October 3, 2011.

While the motion to dismiss was being briefed, three other motions were filed. On July 22, the Moving Defendants contacted the Court via letter requesting that the Court issue an order directing the Plaintiff to cease and desist from all communications with the represented parties. This letter was treated as a motion, returnable August 10. On September 14, 2011, the Plaintiff, via an order to show cause, filed a motion requesting that the Court vacate the Moving Defendants' motion to dismiss, compel Barnes and Noble to produce video surveillance tapes, sanction Barnes and Noble and its attorneys for their failure to produce the video surveillance tapes and remove Mr. Johnson as Moving Defendants' counsel. On September

2

20, 2011, Moving Defendants submitted a letter requesting that discovery be stayed pending decision on the motion to dismiss. Lastra's order to show cause and the Moving Defendants' September 20 letter were both marked returnable on October 3.

**The Complaint**

The Complaint refers to incidents that took place at the Barnes and Noble bookstore located on the north side of Union Square in Manhattan on June 6, 2008. The Complaint alleges that, on June 6, Sterling, who was employed as a plain clothes security guard, followed Lastra around the store. Lastra, who describes himself as a Hispanic male, alleges that Sterling, prior to June 6, had followed him around the store when he was with a female companion of a different ethnicity. The Complaint alleges that on June 6, Sterling followed Lastra, gave him menacing stares and called him a "dirty spic." The Complaint states that Lastra then moved to the store's café, where Sterling continued to stare at him. When Lastra took out his cell phone, Sterling accused Lastra of taking a picture of Sterling, an accusation Lastra denied.

3

The Complaint alleges that, ten minutes after the exchange between Lastra and Sterling, the store manager, Fuller, and an NYPD police officer on paid detail, Feola, arrived on the scene and, within earshot of other customers, accused Lastra of taking pictures of Sterling with the camera on his cell phone and of breaking the law.  According to the Complaint, Lastra offered Feola his cell phone to prove that he had not been taking pictures, but Feola refused.  The Complaint alleges that Feola then escorted Lastra down the escalator with Feola forcibly pushing Lastra toward the exit.  As Lastra was being escorted out, Fuller and Sterling allegedly continued to accuse him of breaking the law.  At the exit, Feola allegedly yelled out to Lastra, within earshot of other customers, that Lastra was not to return or he would be arrested.  The Complaint states that the Plaintiff suffered public disgrace, degradation, humiliation, emotional distress and shame as a result of these comments.

The Complaint states that the Plaintiff has attempted to resolve this dispute with Barnes and Nobles' corporate offices, but that Barnes and Noble has not been responsive in addressing the alleged violations of the Plaintiff's civil rights and the alleged defamation that occurred on June 6, 2008.

The Complaint also alleges that the Defendants submitted fraudulent or misleading affidavits, affirmations and sworn statements regarding material facts and that defense counsel suborned perjury.

Although no formal causes of action are pled, the Complaint states that it is being brought under 42 U.S.C. § 1983, 42 U.S.C. § 1981, 42 U.S.C. § 1985, New York State Judiciary Law § 487, as well as federal and state laws governing various forms of discrimination, defamation, fraud, retaliation, false imprisonment, false verbal reports to a police officer, perjury, harassment and menacing.  The Complaint also states that the statute of limitations for this action should be tolled to allow the Plaintiff to possibly bring a class action to provide redress for other male Hispanics who have unlawfully had their civil rights violated.

In their motion to dismiss, the Moving Defendants have provided their own description of the facts.  The Moving Defendants allege that Lastra was asked to leave the store when he refused to stop surreptitiously recording his conversations with customers in the store's café.  According to the Moving

5

Defendants, Fuller asked Lastra to leave after receiving a complaint from a young woman that Lastra had recorded their conversation without her permission.  Another Barnes and Noble customer confirmed to Fuller that Lastra had been using a small recording device and recording patrons in the store.  After Fuller requested that Lastra stop, Lastra allegedly became belligerent, prompting Fuller to use the telephone in the café to request that one of the NYPD officers who was on paid detail in the store be sent to the café.  Feola responded to the call and, after consulting with Sterling and Fuller, approached Lastra.  According to the Moving Defendants, Lastra responded to Feola's attempts to explain store policy by raising his voice. Feola stated that if Lastra refused to cooperate, he could be arrested.  Feola then stood by and watched as Lastra, for approximately ten minutes, while continuing to complain loudly and wave his arms, gathered his belongings.  Feola then escorted Lastra to the escalator and, without making physical contact with Lastra, observed him leave the store.

## State Court Actions in New York Supreme Court, Bronx County

In June 2009, the Plaintiff commenced four separate actions in New York State Supreme Court, Bronx County, asserting

claims for relief arising out of the events of June 6, 2008:
James Lastra v. Barnes & Noble, No. 251372/09, James Lastra v.
Tom Fuller, No. 251374/09; James Lastra v. "John Doe", No.
251373/09; and James Lastra v. "John" Feola, No. 251388/09.   In
these state court actions, Lastra has limited his claims to New
York State law.   On October 11, 2010, Barnes and Noble moved for
summary judgment, and, while the summary judgment motion was
pending, Justice Kenneth L. Thompson, Jr. and Justice Laura
Douglas issued orders consolidating the actions against Barnes
and Noble, Fuller and "John Doe" (now known to be Sterling).   On
May 24, 2011, after the Plaintiff filed no opposition, Justice
Thompson issued an order granting Barnes and Noble's motion for
summary judgment, dismissing the Plaintiff's complaint in the
consolidated state court action.

**The Rule 12(b)(6) Standard**


        On a motion to dismiss pursuant to Rule 12, all
factual allegations in the complaint are accepted as true, and
all inferences are drawn in favor of the pleader. Mills v. Polar
Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993).   The issue
"is not whether a plaintiff will ultimately prevail but whether
the claimant is entitled to offer evidence to support the

                                7

claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (quoting Scheuer v. Rhodes, 416 U.S. 232, 235-36, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.   Though the court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555).

In addressing the present motions, the Court is mindful that Lastra is proceeding pro se and that his submissions are held to "less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

8

The courts "construe the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments they suggest." Fuller v. Armstrong, 204 Fed. Appx. 987, 988 (2d Cir. 2006); see also Lerman v. Bd. of Elections in City of N.Y., 232 F.3d 135, 139-40 (2d Cir. 2000) ("Since most pro se plaintiffs lack familiarity with the formalities of pleading requirements, we must construe pro se complaints liberally, applying a more flexible standard to evaluate their sufficiency that we would when reviewing a complaint submitted by counsel.").  However, the courts will not "excuse frivolous or vexatious filings by pro se litigants," Iwachiw v. New York State Dep't of Motor Vehicles, 396 F.3d 525, 529 n.1 (2d Cir. 2005), and "pro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

**The Plaintiff's Complaint Is Dismissed**[1]

---

[1]    On September 22, the Plaintiff attempted to file an amended complaint, and, in his opposition stated that the amended complaint mooted any motion to dismiss.  The Court refused to accept the amended complaint because the amended complaint was filed more than 21 days after he served the original complaint and more than 21 days after the defendants served their motion

As described above, the Complaint lists numerous potential causes of action, but does not provide any individual counts.  Recognizing that a pro se litigant's papers should be read in the most favorable light possible, the Complaint appears to bring causes of action under 42 U.S.C. § 1983, 42 U.S.C. § 1981, 42 U.S.C. § 1985, New York State Judiciary Law § 487 as well as the federal and New York State laws governing various forms of discrimination, defamation, fraud, retaliation, false imprisonment, false verbal reports to a police officer, perjury, harassment and menacing.  For the reasons stated below, the Plaintiff has failed to state a claim upon which relief can be granted, and the Complaint is dismissed.

## A. The Plaintiff's Complaint Fails To State A Claim Under Federal Law

With respect to federal causes of action, the Complaint alleges violations of 42 U.S.C. §§ 1983, 1981 and 1985, and also seeks remedy for

---

to dismiss.  See Fed. R. Civ. P. 15(a); Alaska Laborers Employers Retirement Fund v. Scholastic Corp., No. 07 CV 7402(GBD), 2011 WL 3427208, at *2 (S.D.N.Y. Aug. 3, 2011).

10

violation of plaintiff's civil rights as protected by any and
all relevant Federal Laws, Statutes, codes regarding
discrimination, discrimination per se, defamation by action,
defamation by action per se, slander, slander per se, malicious
slander, malicious slander per se, libel, libel per se,
injurious fraud, injurious fraud per se, fraud, fraud per se,
unlawful seizure, unlawful detainment, false verbal reports to a
police officer, unlawful imprisonment, racial intimidation, and
racial harassment, perjury, as well as the potential that
defendant filed <u>false</u> reports to a government agency or
government representatives (which is a felony) to cover up for
the malicious violations of plaintiff civil rights[.]

Lastra has failed to assert the elements necessary to establish

a viable cause of action under federal law.

### 1. The Complaint Fails To State A Claim Under 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must

allege the violation of a right secured by the Constitution and

laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of

state law." <u>West v. Atkins</u>, 487 U.S. 42, 48, 108 S.Ct. 2250,

101 L.Ed.2d 40 (1988).  Acting "under color of state law"

requires that the defendant exercise power "possessed by virtue

of state law and made possible only because the wrongdoer is

clothed with the authority of state law." <u>Colombo v. O'Connell</u>,

310 F.3d 115, 117-18 (2d Cir. 2002).  "A municipality may only

11

be found liable under 42 U.S.C. § 1983 when the alleged unlawful action was implemented or executed pursuant to a government policy or custom.  A municipality may not be held liable under section 1983 on a theory of vicarious liability." Marte v. N.Y. City Police Dep't, 10 Civ. 3706(PKC), 2010 WL 4176696, at *2 (S.D.N.Y. Oct. 12, 2010) (citations omitted).

Section 1983 does not guarantee civil rights between private individuals, and purely private conduct is not actionable under § 1983. Shirley v. State Nat'l Bank of Conn., 493 F.2d 739, 741 (2d Cir. 1974).  To plead a cause of action against a private party under § 1983, the plaintiff must allege facts showing that "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003) (citing Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001)).  Additionally, "[i]t is well established that attorneys are not state officers, but private persons, for the purpose of the Civil Rights Act." Kashelkar v. Rubin & Rothman, 97 F. Supp. 2d 383, 390 (S.D.N.Y. 2000).  Because the Complaint fails to allege sufficient facts establishing Barnes and Noble, Sterling, Fuller, Leahey and

12

Johnson, Tenny, Filiberti, Keating or Bottini to be acting under color of state law, the Plaintiff's § 1983 action against the Defendants is dismissed.

Feola, an NYPD officer who was working at the Barnes and Noble store pursuant to a paid detail agreement between Barnes and Noble and the NYPD, may be considered a state actor, but the Complaint fails to establish the deprivation of a constitutionally protected right.  With respect to Feola, the Complaint references three potential claims: unlawful seizure, unlawful detainment and unlawful imprisonment.  Although the Complaint lists three separate causes of action, the elements of the three are the same.  See Copeland v. N.Y. City Police Dep't, 97 Civ. 4224(DLC), 1998 WL 799169, *2 (S.D.N.Y. Nov. 13, 1998) ("The elements of a claim for false imprisonment made pursuant to Section 1983 are the same as those for false arrest.  A Section 1983 claim for false arrest rests on the Fourth Amendment's protection from unreasonable seizures.") (citations omitted).

A section 1983 claim of false arrest is substantially similar to a claim for false arrest under New York law.  Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) ("A § 1983 claim for

false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause . . . is substantially the same as a claim for false arrest under New York law"). Under New York law, a plaintiff claiming false arrest must show: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. See Savino v. City of N.Y., 331 F.3d 63, 75 (2d Cir. 2003). The Complaint fails to allege that Feola, or any of the Defendants, had any intent to confine the Plaintiff or that the Plaintiff was ever conscious of the confinement. Accordingly, the Plaintiff's claim brought pursuant to 42 U.S.C. § 1983 is dismissed.

## 2. The Complaint Fails To State A Claim Under 42 U.S.C. § 1981

In relevant part, 42 U.S.C. § 1981 provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains,

14

penalties, taxes, licenses, and exactions of every kind, and to
no other.

To state a claim pursuant to 42 U.S.C. § 1981, a plaintiff must
allege: "(1) the Plaintiff is a member of a racial minority; (2)
an intent to discriminate on the basis of race by the Defendant;
and (3) the discrimination concerned one or more of the
activities enumerated in the statute." Kashelkar, 97 F. Supp.
2d at 389.  Naked assertions of racial discrimination are
insufficient to state a cause of action.  See Yusuf v. Vassar
College, 35 F.3d 709, 713 (2d Cir. 1994).  A complaint must
"specifically allege the events claimed to constitute
intentional discrimination as well as circumstances giving rise
to a plausible inference of racially discriminatory intent."
Id.

     The Complaint provides no allegations concerning
contracts.  See Verhagen v. Olarte, No. 89 CIV. 0300(CSH), 1989
WL 146265, at *3 (S.D.N.Y. Nov. 21, 1989) (holding that a
complaint failed to state a claim under § 1981, stating "[w]hile
§ 1981 prohibits discrimination in the making and enforcement of
contracts, the case at bar has nothing to do with contracts.").
Furthermore, the Complaint fails to allege circumstances giving
rise to a plausible inference of racially discriminatory intent.

15

The Complaint does not include any allegation that similarly situated non-Latinos were treated differently, and Fuller's affidavit from the state court case notes that Barnes and Noble has "had numerous occasions at the store to ask patrons to stop conducting themselves in a manner disruptive to other customers. However, if our request to comply with our store policy is refused and the patron continues to engage in disruptive and/or prohibited conduct, we will ask them to leave and walk with them to the front entrance."[2]  The Complaint's only assertion evidencing racially discriminatory intent is Sterling's alleged use of a racial slur, a fact that is solely insufficient to establish discriminatory intent.  See Bridgeforth v. Am. Educ. Servs., 412 Fed. Appx. 433, 435 (3d Cir. 2011) ("Bridgeforth

---

[2]    In analyzing a motion to dismiss a complaint pursuant to Rule 12(b)(6), consideration is generally limited to the factual allegations in the complaint and any documents attached to the complaint as exhibits or incorporated in the complaint by reference.  Fed. R. Civ. P. 12(d); Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991).  However, a "court may take judicial notice of public records and of admissions in pleadings and other documents in the public record filed by a party in other judicial proceedings that contradict the party's factual assertions in a subsequent action." Munno v. Town of Orangetown, 391 F. Supp. 2d 263, 268-69 (S.D.N.Y. 2005) (taking judicial notice of affidavits and pleadings submitted by plaintiff and letters written by plaintiff's counsel in a prior state court action that allegedly contradicted plaintiffs allegations in the present matter); see also S.E.C. v. Czarnik, No. 10 Civ. 745(PKC), 2010 WL 4860678, at *3 (S.D.N.Y. Nov. 29, 2010).

16

claimed that Dave used a racial slur in speaking to him on the telephone.  Such an act is offensive, but standing alone it does not state a claim under § 1981."); Schultz v. Wilson, 304 Fed. Appx. 116, 119-120 (3d Cir. 2008) (allegation that a member of a private club used a racial epithet to describe music being played at wedding reception was insufficient to establish intentional race discrimination to support a § 1981 action against the club, its member and state trooper who ended couple's wedding reception).  Given that the Complaint fails to present sufficient facts establishing an intent to discriminate on the basis of race, the Plaintiff's 42 U.S.C. § 1981 claim must be dismissed.

### 3. The Complaint Fails To State A Claim Under 42 U.S.C. § 1985

Title 42, U.S.C. § 1985 contains three sections: § 1985(1) "Preventing officer from performing duties," § 1985(2) "Obstructing justice; intimidating party, witness, or juror," and § 1985(3) "Depriving persons of rights or privileges." Although the Complaint does not specify under which section the Plaintiff is asserting his cause of action, it appears that the Plaintiff seeks to state a claim pursuant to 42 U.S.C. §§

17

1985(2) or 1985(3).  In either case, the Complaint fails to present facts sufficient to state a claim for relief.

Section 1985(3) creates a federal cause of action where two or more persons conspire for the purpose of "depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."  42 U.S.C. § 1985(3). Section 1985(2) creates a similar cause of action where, specifically, persons conspire for the purpose of obstructing justice and intimidating a party, witness or juror.  42 U.S.C. § 1985(2).  To make a successful claim under § 1985, a plaintiff must allege facts showing "'class-based, invidiously discriminatory animus'" behind the conspiracy.  United Brotherhood of Carpenters and Joiners of Am., Local 610, AFL-CIO v. Scott, 463 U.S. 825, 834, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983).  "Conclusory allegations of the defendants' alleged participation in a conspiracy are inadequate to make out a claim under § 1985."  Salgado v. City of N.Y., No. 00 Civ. 3667(RWS), 2001 WL 290051, at *8 (S.D.N.Y. Mar. 26, 2001); Sadler v. Brown, 793 F. Supp. 87, 90 (S.D.N.Y. 1992).

18

In order to state a claim for conspiracy to violate an individual's constitutional rights, a plaintiff must show: (1) a conspiracy (2) for the purpose of depriving a person of equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States. Salgado, 2001 WL 290051, at *8; see also United Brotherhood, 463 U.S. at 828-29. Unsubstantiated, conclusory, vague or general allegations of a conspiracy with a discriminatory animus are insufficient support and fail to adequately allege a claim under § 1985 upon which relief may be granted. Williams v. Reilly, 743 F. Supp. 168, 173 (S.D.N.Y. 1990). The Complaint fails to present any facts suggesting that the Defendants conspired with each other, that they did so with the intent of depriving Lastra of equal protection of the laws, that they performed overt acts in furtherance of the conspiracy or that Lastra was in any way damaged. Accordingly, the Plaintiff has failed to state a claim pursuant to 42 U.S.C. § 1985.

**4. The Complaint Fails To Assert Any Other Claim Under Federal Law**

19

In addition to asserting the three federal statutes, the Complaint seeks relief under federal law for various other causes of action.  Rather than describing the elements of these claims and assert facts sufficient to fulfill those elements, the Complaint provides a litany of twenty-five different alleged causes of action.  As such, the Complaint has insufficiently pled these claims.

As noted above, a plaintiff must "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.  The Complaint, in providing a lengthy list without facts supporting each of the proffered claims, fails to give fair notice to the Defendants.  See Lawrence v. City Cadillac, No. 10 Civ. 3324(PKC), 2010 WL 5174209, at *8 (S.D.N.Y. Dec. 9, 2010) (citing Fed. R. Civ. P. 8(a)(2); Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570; Brandon v. City of N.Y., 705 F. Supp. 2d 261, 268-69 (S.D.N.Y. 2010) ("Such general allegations, without supporting facts other than a clause incorporating an entire complaint by reference, are insufficient to withstand even a motion to dismiss because they do not give fair notice of what the claim is and the grounds upon which it

20

rests.")).[3]  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Ambrose v. City of N.Y., 623 F. Supp. 2d 454, 462 (S.D.N.Y. 2009) (citing Twombly, 550 U.S. at 553-62).  Here, the Complaint fails to provide even the "formulaic recitation of the elements," let alone present any facts sufficient to fulfill them.  As such, the Complaint fails to state a valid claim for any cause of action under federal law.

## B. The Court Declines To Exercise Supplemental Jurisdiction To The Plaintiff's State Law Claims

---

[3]      Among the twenty-five causes of action are numerous forms of fraud.  Fed. R. Civ. P. 9(b) requires that, in all averments of fraud, the circumstances constituting such fraud shall be stated with particularity.  See Rombach v. Chang, 355 F.3d 164, 170 (2d Cir. 2004).  To satisfy Rule 9(b), the plaintiff's complaint must include precisely what statements or omissions were made, the time and place of each such statement, the person responsible for making the statement, the content of such statements and the manner in which they misled the victim and what the defendants obtained as a consequence of the fraud. Stevens v. Equidyne Extractive Indus., 694 F. Supp. 1057, 1061 (S.D.N.Y. 1988).  The Complaint fails to fulfill the requirements of Rule 9(b).

Federal district courts have supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In discussing § 1367's predecessor judicial doctrine of pendent jurisdiction, a district court's decision to adjudicate related state claims arises out of "a doctrine of discretion, not of plaintiff's right." United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Subsection (c) of § 1367 "confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173, 118 S.Ct. 523, 139 L.Ed.2d (1997). Subsection (c) includes a provision stating that a district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

In evaluating whether to exercise supplemental jurisdiction, a district court must balance the "values of judicial economy, convenience, fairness, and comity." Carnegie-

Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S.Ct. 614, 98
L.Ed.2d 720 (1988); Itar-Tass Russian News Agency v. Russian
Kurier, Inc., 140 F.3d 442, 446-47 (2d Cir. 1998). In Cohill,
the Supreme Court provided additional guidance to district
courts, stating that "in the usual case in which all federal-law
claims are eliminated before trial, the balance of factors . . .
will point toward declining to exercise jurisdiction over the
remaining state-law claims." 484 U.S. at 350 n.7; see also
Gibbs, 383 U.S. at 726 ("Needless decisions of state law should
be avoided both as a matter of comity and to promote justice
between the parties, by procuring for them a surer-footed
reading of applicable law . . . [I]f the federal law claims are
dismissed before trial . . . the state claims should be
dismissed as well."); Seabrook v. Jacobson, 153 F.3d 70, 72 (2d
Cir. 1998) (noting that it is particularly appropriate for the
district court to dismiss where "the federal claim on which the
state claim hangs has been dismissed"); Marcus v. AT&T Corp.,
138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal
claims are dismissed before trial, the state claims should be
dismissed as well.") (citing Purgess v. Sharrock, 33 F.3d 134,
138 (2d Cir. 1994) and Baylis v. Marriott Corp., 843 F.2d 658,
664-65 (2d Cir. 1988)).

In this case, all federal law claims have been dismissed.  Recognizing both the substantial body of law cited above as well as the fact that the state courts have already wrestled with and partially decided the remaining state law issues, this Court declines to exercise pendent jurisdiction over the remaining claims.

**C. The Plaintiff's Complaint Is Dismissed With Prejudice**

A complaint should be dismissed without prejudice if the pleading, "'liberal[ly] read [],' suggests that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (alterations in original) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).  If a complaint, however, has substantive problems and "a better pleading will not cure [them]," "[s]uch a futile request to replead should be denied." Id. (citing Hunt v. Alliance N. Am. Gov't Income Trust, 159 F.3d 723, 728 (2d Cir. 1998)).

Here, the Complaint is not simply "inadequately or inartfully pleaded," but rather contains substantive problems

24

such that an amended pleading would be futile.  Accordingly, the Complaint is dismissed with prejudice with respect to all Defendants (both the Moving Defendants and Sterling).[4]

## The Motions Plaintiff Presents In His Order To Show Cause Are Dismissed

The Plaintiff, via an order to show cause, has filed motions requesting that the Court vacate the Moving Defendants' Rule 12(b) motion, compel Barnes and Noble to produce its video surveillance tapes, order monetary sanctions against Barnes and Noble and their attorneys for their failure to produce the surveillance tapes and remove Barnes and Noble's counsel.  Each of these motions is denied.

The Plaintiff has provided no legal basis for the Court to vacate the Moving Defendants' motion to dismiss.  Via

---

[4]     Because the Complaint is dismissed in its entirety, and the Moving Defendants' request to stay discovery pending decision on the motion to dismiss is now moot.  The Moving Defendants motion for an order directing the Plaintiff to cease and desist from all communications with the represented parties is granted, and all future communications between the Plaintiff and any of the individual Moving Defendants shall be through the Moving Defendants' counsel.

25

an order dated April 22, 2011, the Court permitted the Moving

Defendants until May 31, 2011 to file their motion to dismiss,

and the docket establishes that the motion to dismiss was timely

filed.  The Plaintiff cannot dispute that a pleading may be

dismissed pursuant to Fed. R. Civ. P. 12(b)(6) where it fails to

plead "enough facts to state a claim to relief that is plausible

on its face."  Twombly, 550 U.S. at 570.  The Plaintiff has

failed to present sufficient grounds for the Moving Defendants'

motion to dismiss to be vacated.


With respect to the Plaintiff's motion to compel,

there is no evidence that any of the Defendants have hindered

discovery.  By order dated May 20, 2011, the Court scheduled a

pretrial conference for September 21, 2011, which was

subsequently adjourned without date.  On May 15, 2011, the

Plaintiff served 128 discovery demands, demanding that Barnes

and Noble produce the requested items within thirty days.  This

discovery request occurred outside any schedule agreed to by the

parties or ordered by the Court.  There is no evidence that the

Defendants have been derelict in fulfilling their discovery

obligations, and the Plaintiff's motion is denied.  The

Plaintiff's request for sanctions is also denied.  Fed. R. Civ.

P. 37(b)(2) empowers the Court to issue sanctions to a party for

not obeying a discovery order.  In this case, no discovery order

has been entered into, nor has the Plaintiff requested expedited

discovery.  Finding no basis to impose sanctions, the

Plaintiff's motion is denied.

Finally, the Plaintiff has also requested that the

Court remove Barnes and Noble's counsel.  In making this motion,

the Plaintiff contends that, because the law firm representing

Barnes and Noble has been added as a defendant in this action,

it would be improper for that law firm to continue to represent

other Defendants.  "[M]otions to disqualify opposing counsel are

disfavored in this Circuit because they are often interposed for

tactical reasons and result in unnecessary delay."  Capponi v.

Murphy, 772 F. Supp. 2d 457, 471 (S.D.N.Y. 2009) (internal

citations omitted).  "The Court must consider the factual record

underlying such a motion in detail to determine whether the

party seeking disqualification has sustained the high standard

of proof necessary to disqualify opposing counsel."  Id.

(quoting Papyrus Tech. Corp. v. N.Y. Stock Exch., 325 F. Supp.

2d 270, 276 (S.D.N.Y. 2004)).

Under the New York Rules of Professional Conduct, with

a few exceptions, a "lawyer shall not act as advocate before a

27

tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact."  Rule 3.7(a) of the New York Rules of Professional Conduct.  "Courts have interpreted this rule to require disqualification where" the movant meets its "burden of showing the necessity of the testimony and the substantial likelihood of prejudice."  Capponi, 772 F. Supp. 2d at 471-72.  "[T]o succeed on a motion for disqualification in these circumstances, the movant must show 'specifically how and as to what issues in the case prejudice may occur and that the likelihood of prejudice occurring is substantial.'"  Id. at 472 (quoting Lamborn v. Dittmer, 873 F.2d 522, 531 (2d Cir. 1989)). "'Prejudice' in this context means testimony that is 'sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony.'"  Murray v. Metro. Life Ins. Co., 583 F.3d 173, 178 (2d Cir. 2009) (quoting Lamborn, 873 F.2d at 531).

Here, there is no basis for the Moving Defendants' counsel to be disqualified.  The Complaint contains nothing alleging the involvement of Leahey and Johnson, Tenney or Filiberti, nor is there any indication that any of the Moving

28

Defendants' attorneys are likely to be fact witness.
Accordingly, the Plaintiff's motion to disqualify Leahey and
Johnson is denied.

## Conclusion

Based on the conclusions set forth above, the
Complaint is dismissed with prejudice and the various motions
raised in the Plaintiff's order to show cause are denied.

It is so ordered.

New York, NY
December 𝓩⁷, 2011

ROBERT W. SWEET
U.S.D.J.

29